(15 Misc. Rep. 115.)

STROBEL v. MAYOR, ETC., OF CITY OF NEW YORK.

(Common Pleas of New York City and County, General Term. December 27, 1895.)

MUNICIPAL CORPORATIONS—DEFECTIVE STREETS—NOTICE.

Proof that a dangerous defect in a sidewalk had existed for three months is sufficient to charge the municipal authorities with notice.

Appeal from trial term.

Action by Charles Strobel against the mayor, etc., of the city of New York for personal injuries. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before DALY, C. J., and BOOKSTAVER and BISCHOFF, JJ.

Terence Farley and Theodore Connoly, for appellant.
Inglis Stuart and A. S. Hutchins, for respondent.

BISCHOFF, J. This action was brought to recover damages sustained by the plaintiff, when lawfully upon the highway, by reason of the defective condition of the sidewalk upon which he was proceeding, resulting from the overlapped form of two flagstones in his path. The evidence adduced in his behalf is found to properly sup-

port the finding that this particular defect caused the injury, and that the plaintiff was himself chargeable with no negligence contributing to the result. Further, the defendant's negligence in maintaining the sidewalk as noted was sufficiently apparent from the period of its existence in this defective form,—an interval of three months, according to some of the evidence. In support of the claim that this condition of the flagstones was not actually shown to have caused the injury, the defendant points to the evidence of the plaintiff that his foot struck "that stone," without an express statement appearing that the overlapping flagstone was intended; but, in view of all the circumstances shown by the proof in the case, we must hold that there was ample room for an inference to be drawn by the jury that the defendant's negligence, as pointed out, was the proximate cause of the accident. The award of damages is not questioned, and we can find no error in the rulings upon the trial.

Judgment and order affirmed, with costs. All concur.